Green, J.
delivered the opinion of the court.
This petition for a mandamus was filed by Bright to compel the entry-taker to receive and record an entry for one acre of land in Obion county, tendered by Bright oh the 11th day of February, 1842; and also an extension entry for 199 acres, entered at the same time.
Gardner who defends for the entry-taker, insists .that he is entitled, to the land by virtue of entry made by him on a valid warrant the 4th June, 1842, because the relator, Bright, was not an actual settler on the one acre, at the time he offered his entry; and that the acts of 1829, 1835, 1837, 1839 and 1842, contemplated an actual residence on the small tracts, which were by these laws authorized to be extended.
- The cause was before this court at its last term, when it was adjudged, that the acts of assembly do not require a party to be in actual occupation of his small tract, but that if he is the owner by his entry, grant or deed, he may extend it to two hundred acres, and, therefore, the relator was entitled to enter the *504 one acre as proposed by him. The cause was remanded, (inadvertently,) and the Circuit Court rendered the judgment indicated in the opinion of this court; that a peremptory mandamus issue to the entry-taker of Obion county to receive the one acre entry; and that the petition be dismissed as to the 199 acre extension entry. From this judgment the relator appealed again to this court.
In reviewing the grounds of the opinion which was given at the last term, we are well satisfied with the conclusion to which we then arrived. We do not indicate that the relator will not be entitled to make the extension of 199 acres, after he shall have made the one acre entry. But we cannot regard him as owner of the one acre by entry, until his entry shall be made. Certainly having tendered the or.e acre entry, which has been refused by the entry-taker, does not make him in point of fact an owner of the land by entry. He had no right to enter the land by extension entry, until he had become the owner of the one acre. The acts of assembly, authorizing the extension, predicate the right to do so, expressly on such ownership. Indeed the very word employed shows, that the ownership must exist. What would there be to extend, if the party previously owned nothing? Until, therefore, the entry for the one acre shall have been received, the entry-taker is guilty of no wrong in refusing the extension entry demanded. When that shall occur he must act upon the facts and the law, and will be subject to legal control if he fail in his duty.
Affirm the judgment.